UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────────

FREEDOM MORTGAGE CORPORATION,

                                           Plaintiff,        Case # 23-CV-6192-FPG

v.                                                              DECISION AND ORDER

FRANKLIN B. BUSHEY,

                                           Defendant.
─────────────────────────────────────

## INTRODUCTION

Plaintiff Freedom Mortgage Corporation brings this foreclosure action against Defendant Franklin B. Bushey pursuant to Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL"). ECF No. 1. Defendant has yet to respond or appear in this action, and Plaintiff now moves for default judgment. ECF No. 9. As explained below, Plaintiff's motion for default judgment is DENIED without prejudice.

## BACKGROUND

This action involves a mortgage encumbering 142 Empire Boulevard, Irondequoit, New York, together with the land, building, and other improvements located on the property (the "Property"). ECF No. 1 ¶ 1. On or about February 9, 2021, Defendant executed and delivered to Plaintiff a note pursuant to which he promised to pay $150,000.00 plus interest on the unpaid amount due. *Id.* ¶ 6. On the same day, Defendant executed and delivered to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Plaintiff, a mortgage in the principal sum of $150,000, which was recorded in the Monroe County Clerk's Office. *Id.* ¶ 7. On January 10, 2023, MERS assigned the mortgage to Plaintiff. *Id.* ¶ 8. Defendant failed to make the payment that was due on October 1, 2022 in accordance with the terms of the note and mortgage. *Id.* ¶ 9.

1

As of the date Plaintiff commenced this action, there remained a principal balance of $121,559.91 with interest accruing at a rate of 2.7500%.  *Id.* ¶ 10.

Plaintiff commenced this action on April 4, 2023, and Defendant was served on April 20, 2023.  *See* ECF Nos. 1, 5, 6.  Because Defendant had not appeared or otherwise defended this action by May 11, 2023—the deadline for his answer, ECF No. 6—Plaintiff requested that the Clerk of Court enter default against him on May 16, 2023.  ECF No. 7.  The Clerk entered default on May 17, 2023 and notified Defendant by mail.  ECF No. 8.  Defendant did not respond to the entry of default, and, on June 28, 2023, Plaintiff moved for default judgment.  ECF No. 9.  Defendant again failed to respond, and, on September 12, 2023, the Court gave him another opportunity to do so by October 10, 2023.  ECF No. 11.  The Court warned Defendant that, should he fail to respond, the Court would decide the motion based on the materials in the record.  *Id.*  Defendant has yet to respond or appear in this action.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth the procedure for obtaining a default judgment.  First, the plaintiff must have secured an entry of default from the clerk, which requires a showing, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend" itself in the action. Fed. R Civ. P. 55(a).  Once the plaintiff has obtained an entry of default, and if his claim against the defendant is not "for a sum certain," the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(1)-(2).

The clerk's entry of default does not mean that default judgment is automatically warranted.  *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam).  Instead, "the court may, on [the plaintiff's] motion, enter a default judgment if liability is established as a matter of law

when the factual allegations of the complaint are taken as true." *Id.* If liability is established, the Court must then determine the proper amount of damages, which requires evidentiary support. *See id.* at 189 ("[A] party's default . . . is not considered an admission of damages." (quotation omitted)).

**DISCUSSION**

"In a mortgage foreclosure action under New York law, a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt." *Nationstar Mortgage LLC v. Nedza*, 315 F. Supp. 3d 707, 709 (W.D.N.Y. 2018) (quoting *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012)).

Article 13 of the RPAPL sets forth the procedural requirements in mortgage foreclosure actions. *See id.* Section 1303 "requires the foreclosing party to serve a mortgagor with the specific notice entitled "Help for Homeowners in Foreclosure," as set out in that statute, along with the summons and complaint, before commencing a foreclosure action. *See* RPAPL § 1303. Section 1304 requires a lender, assignee, or mortgage loan servicer to serve the borrower with a notice entitled "You May Be At Risk of Foreclosure," at least ninety days before commencing an action. *Id.* § 1304. "Proper service of [an] RPAPL 1304 notice on the borrower . . . is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition." *CIT Bank N.A. v. Schiffman*, 999 F.3d 113, 116 (2d Cir. 2021) (quoting *Deutsche Bank Nat'l Tr. Co. v. Spanos*, 102 A.D. 3d 909, 910 (2d Dep't 2013)).

Under § 1306, each lender, assignee, or mortgage loan servicer must file certain information with the Superintendent of the New York State Department of Financial Services within three days of filing the RPAPL 1304 notice. RPAPL § 1306. Among other information, the § 1306 filing must include "the name, address, last known telephone number of the borrower,

3

and the amount claimed as due and owing on the mortgage." *Id.* § 1306(2).  Where the foreclosure action involves "a mortgage on a residential property containing not more than three units," the RPAPL requires that the summons contain an additional notice.  RPAPL § 1320.

Finally, § 1331 requires the filing of a notice of pendency "in the clerk's office of each county where the mortgaged property is situated, which shall specify, in addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording."  RPAPL § 1331.  The plaintiff must file the notice of pendency "at least twenty days before a final judgment directing a sale is rendered."  *Id.*  Under New York Civil Practice Law and Rule ("CPLR") 6511, "[u]nless it has already been filed in that county, the complaint shall be filed with the notice of pendency."  CPLR 6511(a).

Plaintiff has established the common-law elements of a mortgage foreclosure action by demonstrating (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt.  ECF Nos. 9-3 (plaintiff's affidavit), 9-5 (note), 9-6 (mortgage and assignment); *see Nedza*, 315 F. Supp. 3d at 709-10.  The Court must therefore determine whether Plaintiff has complied with the RPAPL's procedural requirements.

On the record before the Court, Plaintiff appears to have complied with most, but not all, of those requirements.  Specifically, the record does not establish that Plaintiff filed a copy of the complaint with the Monroe County Clerk's Office as required under CPLR 6511(a).  Although Plaintiff filed a notice of pendency in the Monroe County Clerk's Office on April 7, 2023, Plaintiff does not appear to have filed the complaint in the Monroe County Clerk's Office either (a) with the notice of pendency or (b) prior to filing the notice of pendency as required under CPLR 6511(a).  ECF No. 9-11.  Instead, Plaintiff attached only the legal description of the Property to the notice of pendency.  *See id.* at 1-4.  And while the declaration of Plaintiff's counsel states that

"Plaintiff filed a Notice of Pendency in accordance with RPAPL § 1331 and CPLR Article 65 with the Monroe County Clerk's Office," ECF No. 9-4 ¶ 11, nothing in the record supports the assertion that Plaintiff has complied with CPLR 6511(a) by filing the complaint in the Monroe County Clerk's Office.  *Cf. id.* ¶ 8 ("The Complaint was filed in the Western District Clerk's Office on April 04, 2023.").  Moreover, although the notice of pendency does state that "an action has been commenced and is pending in the United States District Court for the Western District of New York upon the Complaint of the named Plaintiff," ECF No. 9-11 at 2, that too is insufficient to satisfy the requirements of CPLR 6511(a).  *See Nedza*, 315 F. Supp. 3d at 710.

"Because a notice of pendency 'is one of the few provisional remedies that permits a party to restrain the alienation of real property without any prior judicial review,' it has been described as 'a powerful tool to a plaintiff' and 'an extraordinary privilege.'"  *Nedza*, 315 F. Supp. 3d at 710 (quoting *Richard J. Zitz, Inc. v. Pereira*, 965 F. Supp. 350, 354 (E.D.N.Y. 1994)).  The New York Court of Appeals has therefore required strict compliance with the statutory procedural requirements.  *Id.* (quoting *5303 Realty Corp. v. O & Y Equity Corp.*, 64 N.Y.2d 313, 320 (1984)).  "The drastic impact of the notice of pendency authorized by CPLR 6501 requires a strict application of that statute."  *5303 Realty*, 64 N.Y.2d at 323.  Accordingly, the failure to file a complaint with the notice renders Plaintiff's notice defective and void.  *See Ditech Fin. LLC v. Sterly*, No. 15-CV-1455, 2016 WL 7429439, at *4 (N.D.N.Y. Dec. 23, 2016) (citing *Chateau Rive Corp. v. Riverview Partners, LP*, 18 A.D.3d 492, 492 (3d Dep't 2005)).

Without evidence that Plaintiff has strictly complied with the requirements of RPAPL § 1303 and CPLR 6511(a) by filing the complaint in the Monroe County Clerk's Office, the Court cannot conclude that Plaintiff is entitled to default judgment.  *See Nationstar Mortgage LLC v. Robinson*, No. 18-CV-6590, 2019 U.S. Dist. LEXIS 118972, at *5-6 (W.D.N.Y. July 17, 2019),

5

*recons. granted*, 2020 U.S. Dist. LEXIS 52539 (W.D.N.Y. Mar. 26, 2020) (granting reconsideration where plaintiff corrected earlier failure to confirm that the entire complaint was filed with the notice of pendency).  Accordingly, Plaintiff's motion for default judgment is denied without prejudice.  Plaintiff may renew its motion for default judgment with proper evidentiary support no later than December 28, 2023.

Further, in light of the procedural defectiveness of Plaintiff's motion for default judgment, the Court does not reach counsel's request for legal fees.  *See* ECF No. 9-16.  However, the Court notes that "the request is defective [because] counsel has failed to support the request with contemporaneous time records." *Nedza*, 315 F. Supp. 3d at 712.  "In general, courts in this Circuit will not award attorney's fees assessed at a [flat rate] unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent, and work done." *U.S. Bank Trust, N.A. for LSF9 Master Participation Trust v. Gross*, 255 F. Supp. 3d 427, 433 (W.D.N.Y. 2017) (quoting *Onewest Bank, N.A. v. Cole.*, No. 14 Civ. 03078, 2015 WL 4429014, at *6 (E.D.N.Y. July 17, 2015)).

Counsel states that "[b]ecause this office charges a flat fee for foreclosure work, individual time sheets are not maintained." ECF No. 9-16 ¶ 6.  He then sets out a list of services performed in connection with this action, *id.*, but fails to recite "in any detail the nature of the tasks performed, the hourly rate, or the dates [on] which each task was conducted." *Gross*, 255 F. Supp. 3d at 433.  That is not enough to comply with the Second Circuit's requirement for flat fee awards.  *See id*.  Therefore, should Plaintiff renew its motion for default judgment and again request attorneys' fees, Plaintiff should do so in a manner consistent with the Second Circuit's requirements for fees assessed at a flat rate.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment, ECF No. 9, is DENIED without prejudice. Plaintiff may renew its motion for default judgment no later than December 28, 2023.

IT IS SO ORDERED.

Dated: November 28, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York